HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMUND OKOLIE,

    Plaintiff,

v.

CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT,

    Defendants.

CASE NO. C15-1258 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal without Prejudice. Dkt. # 37. Defendants oppose the motion and request that the Court consider dismissal based on Defendants' motion to dismiss. Dkt. ## 38, 40. The Court **GRANTS** Plaintiff's motion on the conditions described in this Order.

## I. INTRODUCTION

Plaintiff brought this civil rights action against Defendants after an encounter with Seattle police officers. In November 2016, the Court denied Plaintiff's motion to amend his complaint to add officers to the lawsuit. Dkt. # 35. At the same time, the Court granted Defendants' motion to compel Plaintiff to respond to discovery requests. Dkt. # 34. Plaintiff failed to respond by the court-ordered deadline and instead filed a summary motion for voluntary dismissal wherein he merely cited to CR 41(a). Dkt. # 37.

ORDER- 1


## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order by filing: (1) a notice of dismissal prior to a defendant's service of an answer or motion for summary judgment or (2) a stipulation of dismissal signed by all appearing parties.  Federal Rule of Civil Procedure 41(a)(2) provides that in all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).  "Plain legal prejudice is not merely the prospect of another lawsuit. Plain legal prejudice means prejudice to some legal interest, legal claim, or legal argument." *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (citing *Smith*, 263 F.3d at 975) (internal citations omitted).  Other forms of prejudice are insufficient, including uncertainty over an unresolved dispute, delay in resolving a dispute, and undue expense. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir. 1996).  "The decision to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is addressed to the sound discretion of the district court." *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).

## III. DISCUSSION

Defendants' main argument in opposition is that Plaintiff's motion is a "thinly veiled attempt to avoid discovery." Dkt. # 38 at p. 5.  Defendants cite to *In re Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996), for authority on this point.  Despite acknowledging that the factual premise in *Exxon Valdez* is distinct from this matter, Defendants do not account for that court's list of reasons for denying the motion for voluntary dismissal.  That the court found the motion to be a thinly veiled attempt to avoid discovery—a point that was undisputed by the moving party—was one of several factors in its decision. *Id*.

at 432. There is no authority to show that this factor, standing alone, evidences sufficient legal prejudice such that a court must deny a voluntary motion to dismiss.

Defendants did not carry their burden to show that they are prejudiced by Plaintiff's voluntary dismissal. To be sure, Defendants also cited to the time and effort already expended in defending the action. These are not sufficient reasons to deny the motion. *See Westlands*, 100 F.3d at 96-97.

In the alternative, Defendants ask the Court to attach certain conditions to an order that grants Plaintiff's voluntary dismissal. Dkt. # 38 at p. 6. The Court is permitted to do so. *Westlands*, 100 F.3d at 97-98. Defendants' requests are reasonable, and the Court conditions this dismissal on allowing any discovery in this action to be used in any subsequent action brought by this Plaintiff against these Defendants. In addition, if Plaintiff brings a subsequent similar action against Defendants, then this Court's current orders will remain in effect in the subsequent matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for voluntary dismissal without prejudice with the attached conditions as described in this Order. Dkt. # 37. This Order acts to terminate Defendants' motion to dismiss as that motion is now **MOOT**. Dkt. # 40.

Dated this 24th day of January, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3